IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MARION K. WILLIAMS,                )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )   Case No. 2:10-CV-04103-NKL
                                   )
CAROLYN V. COLVIN,                 )
Acting Commissioner                )
of Social Security,                )
                                   )
    Defendant.                     )

**ORDER**

Before the Court is Plaintiff's attorney's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), [Doc. 18]. For the reasons set forth below, the Motion is granted in part.

**I.    Background**

Plaintiff Marion Williams filed her application for disability benefits in September 2004. More than two years after her application, she was granted a hearing in late January 2007. An administrative law judge (ALJ) issued an unfavorable decision in September 2007, and the Appeals Council denied review in early 2010. Plaintiff then retained counsel and appealed to this Court in May 2010. Plaintiff's counsel did not seek any extensions from this Court. After Plaintiff's counsel filed an initial brief outlining various points of legal error, the SSA requested that this Court reverse the ALJ's decision and remand the case for further consideration. [Doc. 10]. The Court remanded the case in February 2011, but the SSA did not hold a hearing on remand for more than two and half

1

years. From the time Plaintiff filed her application for disability benefits to the time she was ultimately declared disabled, more than nine years passed – a delay which appears to be caused largely by the SSA.

In March 2011, the Court awarded Plaintiff's counsel fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $4,702.50. Counsel now requests an order awarding him fees under 42 U.S.C. § 406(b) in the alternative to a fee award under the EAJA. Unlike fees awarded under the EAJA, which are paid by the SSA, fees awarded under 42 U.S.C. § 406(b) are paid from a claimant's past-due benefits. Section 406(b) permits "a reasonable fee . . . not in excess of 25 percent of . . . the past-due benefits." Because of the significant delay caused by the SSA, the plaintiff's past-due benefits owed to Plaintiff total $98, 947.00. [Doc. 18-1].

At the commencement of Plaintiff's counsel's representation, Plaintiff signed a "Social Security Retainer and Fee Agreement" in February 2010, which states:

> I specifically agree that David F. Chermol can pursue any fees to which he may be entitled under 42 U.S.C. § 406(b). I understand David F. Chermol is accepting my appeal because of the possibility of obtaining substantial fees. I agree to fully cooperate in any way that I can so David F. Chermol and his firm's full fees are authorized and paid.

[Doc. 18-2]. Consistent with § 406(b), Plaintiff's counsel requested a fee equal to 25 percent of Plaintiff's past-due amount, $24,736.75, for the 27.5 hours counsel spent litigating Plaintiff's appeal. However, upon learning that Plaintiff's non-attorney representative was paid $5,300.00 for her representation of Plaintiff at the administrative level, Plaintiff's counsel reduced his request to $19,436.75 so that the total amount paid by Plaintiff for representation at all levels of the claims process would not exceed 25

2

percent of her past-due benefits. [Doc. 20]. Plaintiff's counsel also concedes that in the event he is awarded a fee under § 406(b), he is required to return to Plaintiff the amount he received under the EAJA.

The SSA objects to Plaintiff's counsel's request for the full 25 percent of the past-due benefits amount under § 406(b) and has argued that the request is excessive and unreasonable. [Doc. 19]. The Plaintiff has also submitted a letter stating that the amount requested is a "ridiculous amount" and has asked for "an adjustment on the amount of money paid" to her attorney. [Doc. 21-1].

## II. Discussion

Whenever a court renders a judgment favorable to a claimant – which includes an order remanding the case for further consideration – the Court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. 42 U.S.C. § 406(b)(1)(A). The Supreme Court of the United States has provided guidance to courts determining an appropriate fee award under § 406(b) when a contingent-fee agreement like the one in this case is involved. In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court stated:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, as petitioners in this case acknowledge,

3

> the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

(internal citations omitted). Because the fee requested by Plaintiff's counsel is within the 25 percent boundary, the Court must determine if the fee requested is reasonable for the services rendered. Factors to consider in determining whether a downward departure from the maximum 25 percent award is appropriate include the character of the representation and the results the representative achieved, whether the attorney is responsible for a delay causing the past-due amount to accumulate, or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

Considering the *Gisbrecht* factors, Plaintiff's counsel has not requested a reasonable fee under § 406(b). Counsel is undoubtedly an expert in the field of disability litigation. He has experience litigating both for and against the Social Security Administration, provides training and assistance to other disability litigators, and serves on several disability litigation boards. In this case, he submitted a thorough brief citing numerous portions of the record and pointing out legal error, which resulted in the SSA confessing error and requesting that the case be reversed and remanded for further consideration. Although significant delay has caused the accumulation of past-due benefits to increase, the delay was in no part due to the actions of Plaintiff's counsel.

However, the fee requested – $14,734.25 after refunding the § 406(b) fees – amounts to $535.79 per hour. The Court recognizes that other courts have awarded comparable hourly rates. *See Smith v. Astrue*, 2008 WL 833490 (D.Kan. Mar. 26, 2008) (awarding counsel $15,000 under section 406(b) for 38.5 hours of work); *Alfaro v.*

*Astrue*, 2008 WL 816942 (M.D.Fla. Mar. 25, 2008) (awarding counsel $8,300 under section 406(b) for 13.25 hours of work); *Watterson v. Astrue*, 2008 WL 783634 (M.D.Fla. Mar. 21, 2008) (awarding counsel $28,767.10 under section 406(b) for 26.4 hours of work); *Bernal v. Astrue*, 611 F.Supp.2d 1217 (N.D. Ok. 2009) (awarding counsel $18,960.24, or 19.5% of Plaintiff's past-due award under section 406(b) for 34.2 hours of work). However, other courts have not. *See Robbins v. Barnhart*, 2007 WL 675654 (D.Kan. Feb. 28, 2007) (awarding counsel $22,785 under section 406(b) for 112.85 hours of work); *Whitehead v. Barnhart*, 2006 WL 910004 (W.D.Mo. Apr. 7, 2006) (awarding counsel $10,448.75 under section 406(b) for 28.25 hours of work); *Mitchell v. Barnhart*, 376 F.Supp.2d 916 (S.D.Iowa 2005) (awarding counsel $7,293.50 under section 406(b) for 22.25 hours of work); *Wallace v. Barnhart*, 2004 WL 883447 (N.D.Iowa Apr. 22, 2004) (awarding counsel $4,750 under section 406(b) for 26.25 hours of work). And given the likely outcome of this case, the Court cannot say that counsel took a great risk that warranted such a high hourly rate. Finally, the actual amount of past-due benefits awarded is more a factor of SSA delay than of the time and work of the attorney.

Taking all relevant factors into consideration, the Court concludes that a reasonable attorney fee for this case is $13,000.00, which includes the $4,702.50 award already paid under the EAJA.

### III. Conclusion

The Court awards attorney's fees under § 406(b) in the amount of $13,000.00 to David F. Chermol, which shall be paid from the portion of Plaintiff's past-due benefits

5

that is being held by the Social Security Administration. The amount will be paid directly to Mr. Chermol. It is further ordered that Mr. Chermol will refund to Plaintiff $4,702.50, which is the amount of attorney fees previously awarded to him under the EAJA. This refund shall be made within ten days of receipt of the fee award under § 406(b). Therefore, the net fee earned by Mr. Chermol is $8,297.50.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: September 24, 2014
Jefferson City, Missouri